IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CALVIN CLARK, EUGENE BOWMAN, RAYMOND CASTELLANO, CHRIS CLARK, MARC GIBBS, JEFFREY HOLST, JARED HOOVER, TODD MILES, GREGORY MONROE, KEN OLSON, ROGER TODD, JOEL TURNER, RICHARD FUCHU, ANTHONY GOICURIA and MAYRA GOICURIA, Individually and On Behalf of All Others Similarly Situated, | § § § § § § § § § § § § | |
| Plaintiffs, | § § | No. 5:14-cv-00470 |
| v. | § § | JURY TRIAL DEMANDED |
| CAMBER CORPORATION, | § § § | |
| Defendant. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Plaintiffs Calvin Clark, Eugene Bowman, Raymond Castellano, Chris Clark, Marc Gibbs, Jeffrey Holst, Jared Hoover, Todd Miles, Gregory Monroe, Ken Olson, Roger Todd, Joel Turner, Richard Fuchu, Anthony Goicuria and Mayra Goicuria (collectively referred to as "Plaintiffs") bringing this class and collective action and lawsuit on behalf of themselves and all other similarly situated employees to recover unpaid overtime wages and related penalties and damages from Defendant Camber Corporation (referred to as "Defendant" or "Camber"). In support thereof, they would respectfully show the Court as follows:

# I.  Nature of Suit[1]

1.     Plaintiffs' claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA") and/or the Illinois Minimum Wage Law, 820 ILL. COMP. STAT. 105/1-14 ("IMWL") and/or the Illinois Wage Payment & Collection Act, 820 ILL. COMP. STAT. 115/1-15 ("IWPCA").

2.     The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers … ."  29 U.S.C. § 202(a).  To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and record keeping requirements for covered employers.  29 U.S.C. §§ 206(a), 207(a), 211(c).

3.     The IMWL sets minimum wage and record-keeping requirements for Illinois employers.  820 ILL. COMP. STAT. 105/1-14.

4.     The IWPCA governs the payment of wages to Illinois employees and the deductions that an Illinois employer can make from an employee's wages.  820 ILL. COMP. STAT. 115/1-15.

5.     Camber Corporation violated the FLSA by employing Plaintiffs and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a

---

[1] As explained in their concomitantly filed Motion to Equitably Toll the Statute of Limitations, this lawsuit is being filed primarily to address an issue raised by Camber in two related lawsuits. However, by filing this lawsuit, Plaintiffs do not waive or abandon any arguments or claims that have been previously made by them in any other proceedings.  To the contrary, they expressly reserve the right to advance those arguments and claims.

rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

6.      Camber Corporation violated the FLSA by failing to maintain accurate time and pay records for Plaintiffs and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

7.      Plaintiffs bring this collective action under 29 U.S.C. § 216(b) on behalf of themselves and all other similarly situated employees (defined below) to recover unpaid overtime wages under the FLSA.

8.      Camber Corporation violated the IMWL by employing Plaintiffs and other similarly situated nonexempt "employees for a workweek of more than 40 hours [but refusing to compensate them] for [their] employment in excess of [40] hours … at a rate not less than 1 1/2 times the regular rate[s] at which [they were] employed."  820 ILL. COMP. STAT. 105/4a(1).

9.      Because Camber Corporation failed to pay overtime as required by the IMWL and the FLSA to Plaintiffs and other similarly situated nonexempt employees, the company also violated the IWPCA, which requires Illinois employers to pay their employees on time and in full.

10.      Plaintiff Calvin Clark (referred to as the "Illinois Class Representative") brings this class action under FED. R. CIV. P. 23 on behalf of himself and all other similarly situated employees (defined below) to recover unpaid overtime compensation and related penalties and damages under the IMWL and the IWPCA.

## II. Jurisdiction & Venue

11.     The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

12.     The Court has supplemental jurisdiction over Plaintiffs' IMWL and IWPCA claims pursuant to 28 U.S.C. § 1367(a) because they so related to the FLSA claims that they form part of the same case or controversy under Article III of the United States Constitution.

13.     Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in the San Antonio Division of the Western District of Texas.

## III. Parties

14.     Calvin Clark is an individual who resides in Cedar County, Iowa and who was employed by Camber during the last three years.

15.     Eugene Bowman is an individual who resides in Cedar County, Iowa and who was employed by Camber during the last three years.

16.     Raymond Castellano is an individual who resides in Rock Island County, Illinois and who was employed by Camber during the last three years.

17.     Chris Clark is an individual who resides in Jackson County, Iowa and who was employed by Camber during the last three years.

18.     Marc Gibbs is an individual who resides in Bell County, Texas and who was employed by Camber during the last three years.

19.    Jeffrey Holst is an individual who resides in Cedar County, Iowa and who was employed by Camber during the last three years.

20.    Jared Hoover is an individual who resides in Tarrant County, Texas and who was employed by Camber during the last three years.

21.    Todd Miles is an individual who resides in Rock Island County, Illinois and who was employed by Camber during the last three years.

22.    Gregory Monroe is an individual who resides in Muscatine County, Iowa and who was employed by Camber during the last three years.

23.    Ken Olson is an individual who resides in Scott County, Iowa and who was employed by Camber during the last three years.

24.    Roger Todd is an individual who resides in Muscatine County, Iowa and who was employed by Camber during the last three years.

25.    Joel Turner is an individual who resides in Scott County, Iowa and who was employed by Camber during the last three years.

26.    Richard Fuchu is an individual who resides in Cobb County, Georgia and who was employed by Camber during the last three years.

27.    Anthony Goicuria is an individual who resides in Bell County, Texas and who was employed by Camber during the last three years.

28.    Mayra Goicuria is an individual who resides in Bell County, Texas and who was employed by Camber during the last three years.

29.    Defendant Camber Corporation is a Delaware corporation that may be served with process by serving its registered agent, Corporation Service Company d/b/a

CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.  Alternatively, if the registered agent of Camber Corporation cannot with reasonable diligence be found at the company's registered office, Camber Corporation may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

30.     Whenever it is alleged that Camber committed any act or omission, it is meant that the Camber's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Camber or was done in the routine and normal course and scope of employment of Camber's officers, directors, vice-principals, agents, servants or employees.

### IV. Facts

31.     Camber purports to "provide[] misson-critical engineering and technical services to Aerospace & Defense, National Security, and International government and commercial customers at over 100 locations worldwide."   It does business in the territorial jurisdiction of this Court.

32.     Camber employed Calvin Clark as a gunsmith during the three years preceding the filing of this complaint.

33.     Camber employed Eugene Bowman as a gunsmith during the three years preceding the filing of this complaint.

34.     Camber employed Raymond Castellano as a gunsmith during the three years preceding the filing of this complaint.

35.     Camber employed Chris Clark as a gunsmith during the three years preceding the filing of this complaint.

36.     Camber employed Marc Gibbs as a gunsmith during the three years preceding the filing of this complaint.

37.     Camber employed Jeffrey Holst as a gunsmith during the three years preceding the filing of this complaint.

38.     Camber employed Jared Hoover as a gunsmith during the three years preceding the filing of this complaint.

39.     Camber employed Todd Miles as a gunsmith during the three years preceding the filing of this complaint.

40.     Camber employed Gregory Monroe as a gunsmith during the three years preceding the filing of this complaint.

41.     Camber employed Ken Olson as a gunsmith during the three years preceding the filing of this complaint.

42.     Camber employed Roger Todd as a gunsmith during the three years preceding the filing of this complaint.

43.     Camber employed Joel Turner as a gunsmith during the three years preceding the filing of this complaint.

44.     Camber employed Richard Fuchu as a gunsmith during the three years preceding the filing of this complaint.

45.     Camber employed Anthony Goicuria as a gunsmith during the three years preceding the filing of this complaint.

46.     Camber employed Mayra Goicuria as a gunsmith during the three years preceding the filing of this complaint.

47.     During Plaintiffs' employment with Camber, they were engaged in commerce or in the production of goods for commerce.

48.     During Plaintiffs' employment with Camber, the company was an enterprise engaged in commerce because it (1) had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others and (2) had an annual gross volume of sales made or business done of at least $500,000.

49.     Camber paid Plaintiffs on an hourly basis.

50.     During Plaintiffs' employment with Camber, they regularly worked in excess of forty hours per week.

51.     Camber did not, however, pay Plaintiffs for all of the hours they worked (e.g., compensable wait and travel time) and likewise did not count that time towards its obligation to pay overtime.

52.     Camber knew or reasonably should have known that Plaintiffs worked in excess of forty hours per week.

53.     Camber did not pay Plaintiffs overtime as required by 29 U.S.C. § 207(a)(1) and/or the IMWL and/or IWPCA for the hours they worked in excess of forty per week.

54.     Instead, Camber's failure to pay for and count towards its overtime obligations all hours worked resulted in an artificially low number of overtime hours.

55.     Additionally, when it did pay overtime, Camber paid Plaintiffs at their normal hourly rate.

56.     Camber knew or reasonably should have known that Plaintiffs were not exempt from the overtime requirements of the FLSA and/or the IMWL.

57.     Camber failed to maintain accurate time and pay records for Plaintiffs and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516 and/or the IMWL.

58.     Camber knew or showed a reckless disregard for whether its pay practices violated the FLSA and/or the IMWL and/or IWPCA.

59.     Camber is liable to Plaintiffs for their unpaid overtime wages, related damages and penalties, and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and/or the IMWL and/or IWPCA.

60.     All gunsmiths employed by Camber are similarly situated to Plaintiffs because they (1) have similar job duties; (2) regularly work in excess of forty hours per week; (3) are not paid overtime for the hours they worked in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and/or the IMWL and/or IWPCA and (4) are entitled to recover their unpaid overtime wages, related damages and penalties, and attorneys' fees and costs from Camber pursuant to 29 U.S.C. § 216(b) and/or the IMWL and/or IWPCA.

## V.  Count One—Failure To Pay Overtime in Violation of 29 U.S.C. § 207(a)

61.     Plaintiffs adopt by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

62.     During Plaintiffs' employment with Camber, they were nonexempt employees.

63.     As a nonexempt employees, Camber was legally obligated to pay Plaintiffs "at a rate not less than one and one-half times the regular rate[s] at which [they were] employed[]" for the hours that they worked over forty in a workweek.  29 U.S.C. § 207(a)(1).

64.     Camber failed to pay Plaintiffs for the hours they worked over forty in a workweek at one and one-half times their regular rates.

65.     Instead, Camber failed to pay for and count towards its overtime obligation all of the hours worked by Plaintiffs (which resulted in an artificially low amount of overtime hours) and/or paid Plaintiffs at their straight time rate in violation of 29 U.S.C. § 207(a)(1).

66.     If Camber classified Plaintiffs as exempt from the overtime requirements of the FLSA, they were misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

67.     Camber knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA.  In other words, Camber willfully violated the overtime requirements of the FLSA.

## VI.  Count Two—Failure To Maintain Accurate Records in
## Violation of 29 U.S.C. § 211(c)

68.     Plaintiffs adopt by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

69.     The FLSA requires employers to keep accurate records of hours worked by nonexempt employees.  29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

70.     In addition to the pay violations of the FLSA described above, Camber also failed to keep proper time records as required by the FLSA.

## VII.  Count Three—Collective Action Allegations Under 29 U.S.C. § 216(b)

71.     Plaintiffs adopt by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

72.     On information and belief, other employees have been victimized by Camber's violations of the FLSA identified above.

73.     These employees are similarly situated to Plaintiffs because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

74.     Camber's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

75.     Since, on information and belief, Conquest's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

76.     All employees of Camber, regardless of their rates of pay, who were not paid at a rate not less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  The Class is therefore properly defined as:

> All gunsmiths employed by Camber during the last three years.

77.     Camber is liable to Plaintiffs and the other gunsmiths for the difference between what it actually paid them and what it was legally obligated to pay them.

78.     Because Camber knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Plaintiffs and the other gunsmiths their unpaid overtime wages for at least the last three years.

79.     Camber is liable to Plaintiffs and the other gunsmiths in an amount equal to their unpaid overtime wages as liquidated damages.

80.     Camber is liable to Plaintiffs and the other gunsmiths for their reasonable attorneys' fees and costs.

81.     Plaintiffs have retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of them and all other putative class members.

## VIII.  Count Four—Failure to Pay Overtime in Violation of the IMWL

82.     Plaintiffs adopt by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

83.     During Plaintiffs' employment with Camber, they performed at least some work for the company in the State of Illinois.

84.     During Plaintiffs' employment with Camber, they were nonexempt employees.

85.     As a nonexempt employees, Camber was legally obligated to pay Plaintiffs at "1 1/2 times the regular rate at which [they were] employed" for the hours they worked over forty in a workweek.  820 ILL. COMP. STAT. 105/4a(1).

86.     Camber failed to pay Plaintiffs for the hours they worked over forty in a workweek at one and one-half times their regular rates.

87.     Instead, Camber failed to pay for and count towards its overtime obligation all of the hours worked by Plaintiffs (which resulted in an artificially low amount of overtime hours) and/or paid Plaintiffs at their straight time rate in violation of 820 ILL. COMP. STAT. 105/4a(1).

88.     If Camber classified Plaintiffs as exempt from the overtime requirements of the IMWL, they were misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the IMWL.

89.     Camber knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the IMWL.  In other words, Camber willfully violated the overtime requirements of the IMWL.

### IX.  Count Five—Failure to Pay Wages in Violation of the IWPCA

90.     Plaintiffs adopt by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

91.     The IWPCA requires "[e]very employer …, at least semi-monthly, to pay every employee all wages earned during the semi-monthly pay period."  820 ILL. COMP. STAT. 115/3.

92.     The IWPCA also requires "[e]very employer [to] pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee."  820 ILL. COMP. STAT. 115/5.

93.     By failing to pay Plaintiffs the overtime wages they were owed under the FLSA and/or the IMWL, Camber violated the IWPCA.  820 ILL. COMP. STAT. 115/3, 115/5.

94.     As a result, Camber owes Plaintiffs all of their unpaid wages plus two percent of the amount of the unpaid wages for each month the wages remain unpaid plus their attorney's fees and costs.  820 ILL. COMP. STAT. 115/14.

95.     Camber knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the IWPCA.  In other words, Camber willfully violated the overtime requirements of the IWPCA.

### X.  Count Six—Class Action Allegations Under FED. R. CIV. P. 23 for Violations of the IMWL and the IWPCA

96.     The Illinois Class Representative adopts by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

97.     The Illinois Class Representative brings Count Four and Count Five against Camber under FED. R. CIV. P. 23 on behalf of himself and the following class of persons:

All gunsmiths employed by Camber in the State of Illinois during the last three years (referred to as the "Illinois Class").

98.     The claims of the Illinois Class, if certified for class-wide treatment, will be pursued by all similarly situated persons who do not affirmatively opt-out of the class.

99.     The members of the Illinois Class are so numerous that joinder of all members is impracticable.  The exact number of putative class members is unknown at the present time but should be over one hundred.

100.    There are numerous questions of law and fact common to the Illinois Class, including (1) whether Camber's policies and practices described in this complaint are unlawful; (2) whether members of the Illinois Class are paid for all of the time they work; (3) whether Camber misclassified members of the Illinois Class as exempt employees; (4) whether Camber maintains accurate time and pay records for members of the Illinois Class; (5) whether Camber failed to pay overtime premiums to members of the Illinois Class; and (6) whether Camber willfully violated the law.

101.    The claims of the Illinois Class Representative are typical of the claims of the Illinois Class.  Camber paid the Illinois Class Representative and the Illinois Class using the same unlawful practice(s).  In other words, the Illinois Class Representative's claims and the claims of the Illinois Class arise out of a common course of conduct of Camber and are based on the same legal and remedial theories.

102.    The Illinois Class Representative will fairly and adequately protect the interests of the Illinois Class and has retained competent and capable attorneys who are experienced trial lawyers with significant experience in complex employment litigation

(including class actions, collective actions, and multidistrict litigation).  The Illinois Class Representative and his counsel are committed to prosecuting this action vigorously on behalf of the Illinois Class and have the financial resources to do so.  Neither the Illinois Class Representative nor his counsel have interests that are contrary to or that conflict with those of the proposed class.

103.    Class certification of the Illinois Class is appropriate under FED. R. CIV. P. 23 because questions of law and fact common to the putative class members predominate over any questions affecting only individual members of the class.  Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.  Moreover, there are no unusual difficulties likely to be encountered in the management of this case as a class action.

104.    The class action mechanism is superior to any alternatives that may exist for the fair and efficient adjudication of these claims.  Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort and judicial resources.  A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate.  Moreover, class treatment is the only realistic means by which the Illinois Class can effectively litigate against a large, well-represented corporate defendant like Camber.  In the absence of a class action, Camber would be unjustly enriched because the company would be able to retain the benefits and fruits of the numerous violations of Illinois law.  Numerous individual actions would also place an enormous burden on the courts as they

will be forced to take duplicative evidence and decide the same issues relating to Camber's conduct over and over again.

105.   Camber has acted or refused to act on grounds generally applicable to the Illinois Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the class as a whole.  Prosecution of separate actions by members of the Illinois Class would create the risk of inconsistent or varying adjudications with respect individual members of the Illinois Class that would establish incompatible standards of conduct for Camber.

## XI.  Jury Demand

106.   Plaintiffs demand a trial by jury.

## XII.  Prayer

107.   Plaintiffs and the Illinois Class Representative on behalf of the Illinois Class pray for the following relief:

   a. An order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

   b. An order certifying the Illinois Class under FED. R. CIV. P. 23;

   c. An order appointing Plaintiff Calvin Clark as representative of the Illinois Class;

   d. A service award for any class representative;

   e. An order appointing MOORE & ASSOCIATES as class counsel;

   f. A declaration that Camber is financially responsible for notifying all members of the Illinois Class of its alleged violation of wage and hour laws;

   g. A declaration that Camber violated the FLSA and/or the IMWL and/or the IWPCA;

h.  Injunctive relief;

i.  Judgment awarding Plaintiffs and the other gunsmiths all unpaid overtime compensation, related damages and penalties, attorneys' fees and costs;

j.  Prejudgment interest at the applicable rate;

k.  Postjudgment interest at the applicable rate;

l.  All such other and further relief to which Plaintiffs and the other gunsmiths may show themselves to be justly entitled.

Respectfully Submitted,

MOORE & ASSOCIATES

By:  s/ Melissa Moore
      Melissa Moore
      State Bar No. 24013189
      Curt Hesse
      State Bar No. 24065414
      Lyric Center
      440 Louisiana Street, Suite 675
      Houston, Texas 77002
      Telephone: (713) 222-6775
      Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFFS**